UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARROW ELECTRONICS, INC., a
New York corporation

        Plaintiff,

v.                              Case No: 2:13-cv-584-FtM-29UAM

AFC GREEN ELECTRIC, INC., a
Florida corporation,

        Defendant.
_____

**ORDER**

    This matter comes before the Court on plaintiff's Motion for Default Judgment Against Defendant AFC Green Electric, Inc. (Doc. #12) filed on October 9, 2013.  No response has been filed and the time to respond has expired.  The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted.

    On August 12, 2013, plaintiff filed a four count Complaint (Doc. #1) seeking damages in the amount of $128,489.70, plus interest, costs, and attorney's fees for defendant's failure to pay for products delivered and accepted by defendant.  After service of process and finding no appearance or response, plaintiff moved for and was granted a Clerk's Entry of Default (Doc. #11).  (See also Docs. ## 9, 10.)  Therefore, plaintiff has fulfilled the

necessary prerequisite for a default judgment. Fed. R. Civ. P. 55(a).

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted). Deeming all facts in the Complaint as admitted, beginning in or about January 2013, defendant ordered various electronic products on credit and plaintiff delivered the products to defendant pursuant to invoices stating the amount, terms, and conditions. The invoices provide that any past due balances will accrue interest at the monthly rate of 1.5%, and that defendant would be responsible for all costs and expenses incurred for collection. Defendant has failed or refused to pay the amounts owing, and is indebted to plaintiff for the principal amount of $128,489.70 under the breached invoices. Copies of the unpaid invoices are attached to the Complaint. (Doc. #1-2, Exh. B.) The Terms and Conditions of Sale (Doc. 31-3, Exh. C) are also attached to the Complaint and provide that payment is due 30 days from the

invoice date and past due sums will accrue interest; that defendant assents to the terms and conditions by having accepted products; that defendant is responsible for all costs and expenses incurred by plaintiff in collecting sums owing, including reasonable attorney's fees; and that the laws of the State of New York apply. Plaintiff asserts a breach of contract, and three other claims in the alternative.  The Court finds that the Complaint is sufficiently pled to support a default judgment for the breach of contract (Count I).  The remaining counts will be dismissed without prejudice.

In support, plaintiff filed the Declaration of Kendra Rhoades (Doc. #12-1, Exh. A) and the Declaration of Justin B. Palmer, Esq. (Doc. #12-2, Exh. B). Ms. Rhoades is an employee of plaintiff corporation and the individual responsible for maintaining the invoices.  Based on the interest rate expressly stated in the Terms and Conditions, Ms. Rhoades' Declaration provides a calculation of the total amount of pre-judgment interest accrued from the dates owing as $8,695.39.  The Court will grant the requested pre-judgment interest, and apply the continuing rate stated in the Terms and Conditions.

Mr. Palmer, along with local counsel, also seeks attorney's fees in the amount of $8,083.00 for time spent in pursuing this action.  A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly

rate, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Hensley, 461 U.S. at 433. Mr. Palmer's hourly rate is $380.00 an hour and local counsel's hourly rate is $370.00. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). It is clear that the applicable prevailing market in this case is the Fort Myers area, and not Tampa or Utah. See Doc. #68, p. 8 (citing Olesen-Frayne v. Olesen, 2:09-cv-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009)(prevailing market is the Fort Myers Division)).

Mr. Palmer states that he has worked at his current firm, Stoel Rives LLP, since 2001, and is currently in the Utah office. Mr. Palmer did not seek *pro hac vice* admission and was terminated on September 6, 2013, for failure to register for mandatory electronic case filing. The request for default judgment was filed by local counsel. No further information has been provided to indicate the level of experience for Mr. Palmer, or why he

should be granted attorney's fees without having sought and obtained leave to appear in the Middle District of Florida. Therefore, Mr. Palmer's request for attorney's fees will be denied. Local counsel, Jennifer Hayes Pinder, is at Foely & Lardner LLP in Tampa, Florida.  The Declaration fails to indicate Ms. Pinder's level of experience or the number of years she has been admitted to practice.  Without a declaration or affidavit in support of Ms. Pinder's rate, the $370.00 hourly rate will be reduced to $270.00 an hour.  The Court otherwise finds the 4.9 hours claimed is reasonable.  Therefore, the Court will grant $1,323.00 in attorney's fees.  Plaintiff does not seek the costs and expenses detailed in the billing records attached to the Declaration.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Judgment Against Defendant AFC Green Electric, Inc. (Doc. #12) is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk shall enter judgment in favor of plaintiff and against defendant as to Count I as follows:

    A. The principal amount of $128,489.70 under the Invoices;

    B. Pre-judgment interest in the amount of $8,695.39, on the unpaid invoices through October 8, 2013, and continuing at a monthly rate of one and one-half percent through the date of judgment;

    C. Attorney's fees in the amount of $1,323.00; and

    D. Post-judgment interest on the total amount of principal, pre-judgment interest and attorney's fees accruing from the date of judgment at the current prevailing rate until paid.

    E. The remaining counts are dismissed without prejudice.

3. The Clerk is further directed to terminate all pending motions and deadlines and to close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of January, 2014.

                                        _____
                                        JOHN E. STEELE
                                        UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record