UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARROW ELECTRONICS, INC.,
a New York corporation

      Plaintiff,

v.                                    Case No: 2:13-cv-584-FtM-29CM

AFC GREEN ELECTRIC, INC.,

      Defendant.
_____

## ORDER

Before the Court is Plaintiff, Arrow Electronics, Inc.'s, Motion to Compel and for Sanctions (Doc. 16), filed on January 20, 2015. Plaintiff's motion requests that Benjamin Mading, as the registered agent of Defendant AFC Green Electric, Inc., be compelled to attend a deposition and produce documents responsive to Plaintiff's subpoena duces tecum, and further that the Court award appropriate sanctions. No response to the motion was filed and the time for doing so has expired. For the reasons that follow, the motion is due to be granted in part and denied without prejudice in part.

Plaintiff asserts that Mr. Mading twice has failed to appear for depositions, the first of which was scheduled to take place July 17, 2014 at 10:00 a.m. in Lee County, Florida. Doc. 16 at 1; Doc. 16-2 at 1. Plaintiff's Notice of Taking Deposition Duces Tecum in Aid of Execution requested that Mr. Mading bring to the July 17, 2014 deposition the following:

    1. The Corporation's income tax returns for the last five years

2. All financial statements prepared for the Corporation during the last five years.

3. All written statements or reports issued to the Corporation during the past five years from any stockbroker.

4. All records in the Corporation's possession or under the Corporation's control which directly or indirectly evidence income received by the Corporation during the past five years, including but not limited to:

   a. IRS reporting forms;

   b. Copies of receipts;

   c. Bank deposit slips;

   d. Correspondence;

   e. Books and ledgers;

   f. Checkbook registers;

   g. Accounts receivable journals.

5. All inventories prepared by or on behalf of the Corporation in whatever form showing stock and trade, parts, equipment, or any other inventory which the Corporation maintains.

6. All records in the Corporations possession or under the Corporation's control which directly or indirectly evidence or verify the Corporation's ownership interest of any sort in any business entity.

7. All employment contracts or arrangements for the services of the Corporation made during the last five years.

8. All UCC-1's, security agreements, or other documents evidencing liens or some type of ownership interest on all goods, equipment and inventory owned by the Corporation.

9. All Certificates of Deposit owned by the Corporation.

10. All notes of which the Corporation is the holder.

11. All mortgages wherein the Corporation is the mortgagee.

12. All trusts wherein the Corporation is named as a beneficiary.

13. Pleadings in any pending lawsuits to which the Corporation is a party.

14. All contracts for the sale of land wherein the Corporation is a buyer, seller or agent entitled to a commission.

15. All listing contracts for any land owned, wholly or in part, by the Corporation, and all listing contracts for the sale of land from which the Corporation may be entitled to a commission.

16. Copies of titles to all motor vehicles or watercraft in the name of the Corporation.

17. Copies of all deeds to land owned by the Corporation.

18. All leases held by the Corporation to buildings or land either as lessee or lessor.

19. All insurance policies or other policies which insure or have insured personal property owned by the Partnership, including all schedules filed in connection with those policies.

Doc. 16-1 at 5-7. Because Mr. Mading failed to appear for his deposition, none of the requested documents were provided. Upon Mr. Mading's failure to appear for his July 17, 2014 deposition, Plaintiff's counsel contacted Mr. Mading, who then agreed to appear at a deposition rescheduled for September 9, 2014. Doc. 16 at 2. Mr. Mading again failed to appear or produce any responsive documents. *Id.* Accordingly, Plaintiff filed the instant motion.

The Court entered an Order to Show Cause on February 25, 2015 directing Benjamin Mading to show cause in writing on or before March 13, 2015 why the motion should not be granted. Doc. 18. Mr. Mading also was cautioned that "[f]ailure to respond by March 13, 2015 will result in the motion being granted without further notice." Doc. 18 at 2. No response was filed, and the time for doing

so now has expired. Thus, as to Plaintiff's request that Benjamin Mading be ordered to attend a deposition and produce the requested documents, the motion will be granted.

As to Plaintiff's request for sanctions, the Court finds that sanctions are not warranted at this time, in part because this is the first request by Plaintiff for the Court's assistance with conducting discovery in aid of execution in this matter, and in part because Mr. Mading, as the registered agent of Defendant, is proceeding *pro se*. If, however, Mr. Mading again fails to appear for a properly noticed deposition and fails to produce the requested documents, the Court will entertain a motion for sanctions at that time. **Mr. Mading therefore is cautioned that a failure to comply with this Order may result in the Court awarding sanctions against him in favor of Plaintiff, including but not limited to ordering Mr. Mading to pay Plaintiff's attorneys' fees and recommending that Mr. Mading be found in contempt of court.**

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff, Arrow Electronics, Inc.'s, Motion to Compel and for Sanctions (Doc. 16) is **GRANTED IN PART**. The motion is granted to the extent that Benjamin Mading must appear for a properly noticed deposition on or before **April 10, 2015** and provide to Plaintiff all documents responsive to Plaintiff's Subpoena Duces Tecum, as set forth in Schedule A attached thereto and reprinted in this Order. To the extent that the motion seeks sanctions for Mr. Mading's noncompliance and repeated failure to appear, the motion is denied without prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of March, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented party